UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 04-1125 JVS (ANx) | Date | December 22, 2008 |
| Title | Jerry Doran v. 7 Eleven, et al. | | |

Present: The Honorable James V. Selna

| | |
|---|---|
| Karla J. Tunis | Gary George |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Lynn Hubbard, III | Lisa Wegner |

**Proceedings:** Defendant 7-Eleven Inc.'s Motion for Summary Judgment or, in the Alternative, Partial Summary judgment (Fld 11-24-08)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the defendant's motion and rules in accordance with the tentative ruling as follows:**

Defendant 7-Eleven, Inc.[1] ("7-Eleven") moves for an order granting full or partial summary judgment on plaintiff Jerry Doran's ("Doran") complaint under Federal Rule of Civil Procedure 56. Doran opposes. The motion is GRANTED.

I. Background

This case arises from several visits that Doran, a paraplegic, made to the 7-Eleven store on North Harbor Boulevard in Anaheim, California (the "Store"). Doran's complaint alleges one federal claim, for violation of the Americans with Disabilities Act ("ADA"), and numerous state law claims.

On August 19, 2005, this Court found the federal claim moot in light of 7-Eleven's compliance with the ADA Accessibility Guidelines ("ADAAG"), and granted summary judgment against Doran on his ADA claim. Doran v. 7 Eleven, No. SACV 04-1125 JVS (ANx), 2005 WL 5957487, at *6 (C.D. Cal. Aug. 19, 2005). The Court further held that Doran lacked standing as to alleged access barriers which he did not personally encounter or of which he had no actual knowledge. Id. at *4 n.5. Having granted summary judgment on the only federal claim, the Court declined to exercise supplemental jurisdiction over the remaining state law claims. Id. at *7.

[1] Southland Corp. changed its name to 7-Eleven, Inc. in 1998. (Evans Decl., Ex. F ¶ 2.) Thus, Southland Corp. is erroneously named as a defendant in the complaint.

Doran appealed. The Ninth Circuit affirmed summary judgment on alleged ADA violations Doran encountered or of which he had personal knowledge, but reversed on the issue of standing to challenge other barriers to his disability and identified in his expert's site inspections. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1049 (9th Cir. 2008). In relevant part, the circuit held that Doran has standing to sue for injunctive relief for all barriers in the Store related to his specific disability, including those identified in his expert's site inspections.[2] Id. at 1047. To guide further proceedings in this matter, the circuit noted as follows:

> On remand, the parties are free to offer evidence of whether the alleged barriers first noted by Doran's expert constitute ADA violations, and whether those barriers are still present in the [Store], as these evidentiary issues were never reached by the district court because of its conclusion on the scope of Doran's standing.

Id. at 1049 n.10. At a hearing held on July 14, 2008, this Court stated that it read the circuit opinion in this matter as affording Doran the chance to litigate any alleged barriers related to his disability. (Docket No. 131.) The Court thus gave Doran until October 1, 2008 to provide 7-Eleven with a new expert report to put at issue any alleged barriers that had not previously been raised in Doran's complaint or in his expert's site inspections. (Id.)

But Doran failed to produce a new expert report.[3] (Evans Decl. ¶ 11.) When it did not receive this anticipated report by the October 1, 2008 deadline, 7-Eleven's counsel made repeated attempts to contact Doran's counsel to ask for the report. (Id.) On October 6, a paralegal for Doran's counsel indicated that no new expert report had been prepared. (Id. ¶ 12.) On October 7, 2008, 7-Eleven's counsel followed up by fax, explaining that there was now no reason for the Court to not grant summary judgment.[4] (Id. & Ex. J.) 7-Eleven never received a response. (Id. ¶ 13.)

---

[2] Specifically, the circuit adopted the following rule: "An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." Doran, 524 F.3d at 1047 (citation omitted).

[3] The Court believes that Doran should have disclosed his claim that floor mats continue to violate the ADA in an expert report or through some other explicit method of disclosure. Nevertheless, the Court considers the merits of the claim. See infra Subsection III.A.1.

[4] Given the circumstances, the Court finds this fax sufficient, albeit non-ideal, to satisfy Local Rule 7-3. There were multiple attempts to communicate. Moreover, the letter specifically asked Doran's counsel to promptly identify any grounds upon which the ADA claim still would be viable. (Evans Decl., Ex. J.)

Presently before the Court is 7-Eleven's motion for summary judgment on the ground that every alleged barrier raised in the complaint or previous expert report has been refuted or remedied.

II. Legal Standard

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of a claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (citation omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986) (citations omitted). In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23. If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

III. Discussion

Doran's complaint includes one federal claim and multiple state law claims. The Court first considers the ADA claim, from which federal jurisdiction arises, before addressing the state law claims.

A. ADA Claim

If a place of public accommodation fails to remove architectural barriers, the ADA provides a private right of action. 42 U.S.C. § 12188(a)(1). Only injunctive relief is available as a remedy for a private right of action under the ADA. Id. § 12188(a)(2). Such relief includes an order to make a facility "readily accessible," or, where appropriate, "requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods . . . ." Id.

7-Eleven moves for summary judgment on the grounds that (1) the ADA claim is moot because all identified barriers have been remedied, and (2) Doran failed to identify any additional barriers despite ample opportunity to do so. The Court considers each argument in turn.

1. Moot Because All Identified Barriers Remedied

7-Eleven first contends that the ADA claim is moot because all barriers identified in Doran's complaint, in his deposition testimony, and in his previous expert report have been remedied. "A claim is moot if it has lost its character as a present, live controversy." United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir. 1984) (citation omitted). The Court cannot take jurisdiction over a claim "to which no effective relief can be granted." Id. For purposes of this motion, the Court considers whether any triable issues remain as to available remedies. The reason is that,

> [i]f an ADA plaintiff[ ][has] already . . . received everything to which [he] would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that [this] plaintiff[ ] will again be subjected to the same wrongful conduct by this defendant.

Parr v. L & L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1087 (D. Hawaii 2000) (internal quotations and citation omitted). Alternatively, 7-Eleven contends that many of the identified barriers do not constitute ADA violations.

In deciding this issue, the Court may look to all barriers previously identified in (1)

Doran's deposition testimony given on May 19, 2005;[5] (2) his complaint, to which he attached his expert's report dated June 21, 2005; and (3) his expert's subsequent declaration filed on August 1, 2005 (Docket No. 48).[6]

But such a probing review is not necessary here. "Doran concedes that defendant has finally, in fact, removed all . . . barriers" other than "unattached floor carpet mats." (Oppo. at 2.) Doran contends that for this reason – "and this reason only" – 7-Eleven's motion should be denied. (Id.) The Court disagrees, as set forth below.

The Court notes that Doran previously alleged floor mats in the Store as a barrier, one that he personally encountered. In his original summary judgment motion, Doran specifically alleged that the Store's entrance floor mats were not secure, in violation of ADAAG § 4.5.3. (Docket No. 44, p. 4.) Doran further alleged that this was more of a policy barrier because floor mats could be removed one day, and returned the next. (Id.) Doran now offers evidence that 7-Eleven has returned floor mats to the Store. (Hubbard Decl. ¶¶ 4-5.)

This argument alone, without more, is insufficient to defeat summary judgement. Even when the evidence is viewed in the light most favorable to Doran, the alleged barrier does not constitute a violation under the ADA. At least two other federal courts in California have granted summary judgment for defendants on this issue under similar circumstances. See Wilson v. Norbreck, LLC, No. CIVS040690DFLJFM, 2005 WL 3439714, at *4 -5 (E.D. Cal. Dec. 14, 2005); White v. Divine Invs., Inc., No. Civ.S-04-0206 FCD/DA, 2005 WL 2491543, at *6 (E.D. Cal. Oct. 7, 2005).

As in Wilson and White, Doran contends that none of the "floor carpet mats" inside the Store are securely attached, and hence violate ADAAG § 4.5.3, which provides:

---

[5] On May 19, 2005, Doran gave deposition testimony that he had encountered or had knowledge of nine alleged barriers at the 7-Eleven Store: (1) that there was no van-accessible parking nor any sign denoting such parking; (2) that the striping outlining the disabled parking space was faded; (3) that there was no sign designating the location of the wheelchair ramp; (4) that the wheelchair ramp was too steep; (5) that the Store aisles were too narrow; (6) that the entry mat obstructed entry to the Store; (7) that disabled patrons were denied access to the employees-only restroom; (8) that the floor space was obstructed by merchandise; and (9) that there were no directional signs indicating the nearest accessible Store entrance. Doran, 524 F.3d at 1038.

[6] The Court notes that Doran's expert visited the Store on two separate occasions. On June 20, 2005, the expert identified barriers and documented them in a report dated June 21, 2005. On July 28, 2005, the expert observed other alleged ADA violations at the Store, which he outlined in a declaration filed on August 1, 2005.

> If carpet or carpet tile is used on a ground or floor surface, then it shall be securely attached; have a firm cushion, pad, or backing, or no cushion or pad; and have a level loop, textured loop, level cut pile, or level cut/uncut pile texture. The maximum pile thickness shall be 1/2 in (13 mm) (see Fig. 8(f)). Exposed edges of carpet shall be fastened to floor surfaces and have trim along the entire length of the exposed edge. Carpet edge trim shall comply with 4.5.2.

The section thus has no application to "floor mats." The United States Access Board, which developed the ADAAG, makes this point clear:

> Q: Are the mats placed on the floor of my office lobby during wet weather considered carpet that must be firmly attached? (ADAAG 4.3 Accessible route)
>
> A: No, such mats are "furnishings" not covered by ADAAG. However, section 36.211 of the Department of Justice rule requires that accessible features be maintained so such furnishings cannot degrade the accessible route. So-called "walk-off mats" are designed to provide traction on wet floors and, as long as they are stable and do not pose a tripping hazard, they may actually improve the accessibility of a surface. On the other hand, loose throw rugs, for example, could decrease the accessibility of a surface.

Access Board, Frequently Asked Questions About ADAAG, http://www.access-board.gov/adaag/about/FAQ.htm#%20gfs1 (last visited on Dec. 19, 2008) (emphasis supplied). The floor mats at issue, depicted in photographs from Doran's informal investigations (Hubbard Decl., Ex. C), are clearly not "carpet" of any sort, but are mats placed on the floor and hence "furnishings" not covered by the ADAAG. Further, Doran offers no evidence that these mats are unstable or pose a tripping hazard. Far from degrading the accessible route, these mats may well increase traction on the floor. Cf. White, 2005 WL 2491543, at *6 n.13 ("The nature of the mats at issue is apparent, without reference to expert opinion, from the photographs taken by plaintiff's expert.").

7-Eleven represents that it has removed all other alleged barriers identified by Doran in his deposition and his expert's report attached to his complaint. (Evans Decl., Ex. F ¶ 5.) Doran concedes this point, as noted above. 7-Eleven makes no representation that it has removed any alleged barriers identified in the expert's subsequent declaration. But this point is irrelevant as Doran concedes that, with the exception of floor mats, 7-Eleven has removed all alleged barriers. The Court notes that Doran has failed to submit a "Statement of Genuine Issues" in violation of Local Rule 56-2. The Court thus assumes all material facts as claimed and adequately supported

by 7-Eleven to the extent they are not controverted by the Hubbard Declaration or evidence from Doran's informal investigations. (L.R. 56-3.)

Accordingly, there is no basis for Doran's ADA claim.

2. Failure To Identify Additional Barriers

On remand following appeal to the Ninth Circuit, this Court set a schedule and method by which Doran could identify any additional alleged barriers, via a new expert report. (Docket No. 131.) The Court thus gave Doran full opportunity to give 7-Eleven notice of any such barriers, so that the parties could litigate them.[7] But Doran failed to take advantage of this opportunity, and did not put any additional barriers at issue. (Evans Decl. ¶¶ 10-13.) It follows, therefore, that the only alleged barriers at issue in this care are the floor mats discussed above.

7-Eleven therefore is entitled to summary judgment on the ADA claim.

B. State Law Claims

Under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over state law claims after granting summary judgment against Doran on his only federal claim. See, e.g., Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The case is in virtually the same posture as when the Court made its initial decision not to exercise supplemental jurisdiction.

The Court also believes that declining to exercise jurisdiction serves the principles of economy, convenience, fairness, and comity. Int'l College of Surgeons, 522 U.S. 156, 172-73 (1997). Here, the principles of economy and convenience are clearly served in the absence of any remaining federal claim. Moreover, the principle of comity strongly favors dismissing the state law claims. See Executive Software N. Am., Inc. v. United States Court for Central District of Cal., 24 F.3d 1545, 1553 (9th Cir.1994) ("When novel issues of state law are presented, though, considerations of judicial economy are not determinative.") (quoting Gingerich v. White Pigeon Cmty. Schs., 736 F. Supp. 147, 149-51 (W.D. Mich. 1990)).

Accordingly, the Court dismisses Doran's state law claims.

IV. Conclusion

[7] Doran had two and a half months to prepare a new report for the Store his expert had already visited at least twice. Doran makes no suggestion here or otherwise that he did not have sufficient time to investigate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 04-1125 JVS (ANx) | Date | December 22, 2008 |
| Title | Jerry Doran v. 7 Eleven, et al. | | |

For the foregoing reasons, the Court GRANTS the motion.

Counsel for defendant shall prepare, serve and submit a proposed judgment consistent with the Court's order today.

: 04

Initials of Preparer kjt